## DELAY AND DEFECTS IN EXECUTION OF CONTRACT.

Circuit Court of Cuyahoga County.          ,        .

JOHN WAGNER v. THE AMERICAN CONSTRUCTION CO.

Decided, November 15, 1909.

*Cross-petition—Evidence—Proof of Circumstances From. Which Infer-
ence May be Drawn Either Way—Directing Verdict.*

In an action on a contract for building a break-water for the protection
of the shore of land on Lake Erie, where the defendant by cross-
petition claims damages by reason of dilatory and defective work,
it is not error to dismiss said cross-petition for want of direct evi-
dence that the damage to his land was caused by delay or de. ˙ts in
the construction of the break-water, when the evidence only sh ws
circumstances from which the fact that such damages were so
occasioned is not a more natural inference than that they resulted
from some other cause.

*C. J. Benkoski,* for plaintiff in error.
*Laubscher & Kees,* contra..

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The American Construction Company, defendant in error, was
plaintiff below, where it commenced its action against John
Wagner, for the contract price of constructing a breakwater in
the lake opposite his premises. Wagner by answer and cross-
petition alleged that the construction was both dilatory and de-
fective, whereby his land along the lake front was caused to
settle, from the beating of the waves on the shore.

·  At the close of his evidence in support of the cross-petition,
the court granted the company's motion to withdraw the same
from the jury and to direct a verdict in its favor upon the de-
fendant's prayer for affirmative relief. This action of the court,
which is the only error urged here, was taken upon the theory
that the defendant had failed to show that the damage to his
land was caused by the alleged delay or defects in the construc-
tion of the breakwater.

At the close of all the evidence the question was submitted to the jury whether or not the defendant was entitled to recoup any part of the contract price by reason of the alleged delay and defects in the construction of the breakwater; but the jury returned a verdict for the plaintiff, for the full amount of the agreed price as claimed by it. It thus appears that the jury found that the structure itself was not diminished in value by reason of any fault of the plaintiff below in these respects. While this is perhaps not quite conclusive of the grounds on which the claim of the cross-petition is founded, still it is difficult to see what delay or defect might, consistently with this verdict, exist in the construction of the breakwater that, without impairing its value as such to Wagner, could nevertheless cause damage to his land.

The president of the company testified, at page 69 of the bill of exceptions, "that this breakwater was to be constructed for the protection of Mr. Wagner's premises." That, of course, was within the contemplation of both parties. But whether it could be made effectual to that end nowhere expressly appears. True, Mr. Wagner testifies at pages 413 and 414, that upon examination of the bank, along this lake front, in the spring following the completion of the breakwater, he "found, down below, it was all worked out by lake waves," and that it was undermined for "about seven or eight feet," right underneath, and "the lake had worked down that way by waves, little by little." But he further testifies, at pages 449 and 450, that, prior to the construction of this breakwater, he had tried to prevent such erosion by putting a row of large concrete blocks in the water all along his lake front. These, he says, were "put there for the purpose of a breakwater and they didn't work. After I had them there, they was no good; that's the reason why I got this breakwater constructed. They were no good."

There is no direct evidence in the record to show that the new breakwater, however perfectly constructed according to the terms of the contract, would have been any more effectual than the old one, to prevent the damage from which he was suffering. This was left entirely to inference. It may perhaps be a natural

inference that a proper breakwater would have prevented the waves from beating against the shore. But another and deeper cause of such difficulty appears from the testimony at pages 486 and 487, of John Hogg, foreman at Gordon park for twenty-seven years, who says that he has known thirty-five foot piling (which is much longer than any furnished by Wagner for this job) to be driven "to within four feet of the water at night, and in the morning they were up about fifteen feet in the air. They came up in the night after being driven." This he says is apt to occur at irregular intervals where so-called liver quicksand underlies the land and water along the lake front.

E. B. Wicks, who afterwards repaired Wagner's breakwater with piling 33 or 35 feet long, testifies at page 476 that he drove piling and they drove down soft, and back further they drove down hard through that gap. there, there seemed to be a soft hole there, they went down easy, and we had to hit with hammer light or they would go down too low."

It appears, moreover, from the testimony of the witness Imhoff at page 246, that there was a break in the water pipe near Wagner's property sufficient to soften the ground there, about the time his bank subsided.

It is not, of course, for the court to weigh conflicting evidence in determining whether the direction of a verdict against the party holding the affirmative of an issue is proper. But that is not the rule to apply to this evidence. In *L. S. & M. S. Ry. Co.* v. *Andrews, Admr.*, 58 Ohio St., 426, the syllabus reads:

"In the absence of direct evidence in its support an allegation that one sustained injuries by reason of the negligence of the defendant is not sustained by proof of circumstances from which the fact that his injuries were so sustained is not a more natural inference than any other."

There the court held that "a verdict for the defendant should have been directed as requested."

So here we hold that, for want of direct evidence that the damage to Wagner's land was caused by delay of defects in the construction of his breakwater, the proof of circumstances from which the fact that such damages were so occasioned is not a

more natural inference than that they resulted from some other
cause, does not make a case for the jury.  We think, though not
without some hesitation that the verdict for plaintiff on the
defendant's cross-petition was properly directed, and the judg-
ment is affirmed.